NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3277
_____

KIM E. CHANDLER,
Appellant

v.

L'OREAL USA, INC;
SOFT SHEEN-CARSON LLC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cv-01141)
District Judge: Honorable Nora B. Fischer
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 10, 2019

Before: HARDIMAN, PORTER, and COWEN, *Circuit Judges*.

(Filed June 12, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Kim Chandler sued L'Oréal USA, Inc. and its subsidiary Soft Sheen-Carson LLC for scalp damage she suffered after applying an at-home hair relaxer made and sold by those companies. She alleged the product was defective under Pennsylvania law in three ways: inadequate safety warnings, manufacturing defect, and breach of implied warranty. The District Court granted summary judgment for L'Oréal and Soft Sheen-Carson because Chandler failed to present sufficient evidence of product defect. *See Chandler v. L'Oreal USA, Inc.*, 340 F. Supp. 3d 551, 561–67 (W.D. Pa. 2018). We agree with the District Court and will affirm.

I[1]

We address each of Chandler's three theories in turn. First, on safety warnings, "the product's packaging and instruction sheet clearly warn consumers that failure to follow the written instructions may result in injury, including permanent hair loss, the exact injury about which [Chandler] complains." *Id.* at 563. Among other things, the package insert repeatedly warns consumers to always "test the mixture on one hair strand before relaxing all hair"—even if the consumer has used relaxing products before. App. 71. This "strand test" checks for "hair breakage or scalp irritation" and "determines how long to straighten the hair." *Id.* Once the user tests how long it takes to relax one strand of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the Court's summary judgment de novo, applying the same standard required of the District Court. *E.g.*, *Montanez v. Thompson*, 603 F.3d 243, 248 (3d Cir. 2010), *as amended* (May 25, 2010).

2

hair safely, she is warned to "NEVER LEAVE THE RELAXER MIXTURE ON HAIR LONGER THAN THE MAXIMUM PROCESSING TIME INDICATED IN THE STRAND TEST." *Id.* "Failure to follow instructions or warnings or other misuse of the product can cause serious injury to eyes or skin and can damage hair or result in permanent hair loss." *Id.*

Chandler concedes she failed to perform a strand test. Chandler Br. 11. But she argues that despite her failings, a hypothetical reasonable consumer would be unaware of the risk of injury after reading L'Oréal's warnings. In Chandler's view, a reasonable consumer (and jury) could "find that the strand test exists merely to provide a means for determining the desired straightness, texture, or look of the hair," not to prevent hair loss. Chandler Br. 12.

Pennsylvania law forecloses Chandler's argument. As Chandler recognizes, Pennsylvania follows the Second Restatement of Torts in products liability actions. *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014). "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." Restatement (Second) of Torts § 402A cmt. j (Am. Law. Inst. 1965); *accord Davis v. Berwind Corp.*, 690 A.2d 186, 190 (Pa. 1997). So a reasonable consumer under Pennsylvania law does not expect the strand test to merely "provide a means for determining the desired straightness, texture, or look of the hair." Chandler Br. 12. Instead, a reasonable consumer "read[s] and heed[s]" the warnings and expects exactly what they state: "Failure to follow instructions or warnings or other misuse of the

product can cause serious injury to eyes or skin and can damage hair or result in permanent hair loss." App. 71.

## II

Chandler also argues that a manufacturing defect caused her injury. A manufacturing defect is a deviation from a product's intended design. *See, e.g.*, *Tincher*, 104 A.3d at 393. Since Chandler has offered no direct evidence of a manufacturing defect, she relies on her injuries as circumstantial evidence of a defect.

Although the lack of direct evidence isn't always fatal to a defect claim, *see Barnish v. KWI Bldg. Co.*, 980 A.2d 535, 541–42 & n.5 (Pa. 2009), it is here. Circumstantial evidence alone is insufficient "if the plaintiff's theory of the case includes facts indicating that the plaintiff was using the product in violation of the product directions and/or warnings. In such a case, no reasonable jury could infer that an unspecified defect caused a malfunction when the more likely explanation is the abnormal use." *Id.* at 542. As discussed above, Chandler did not heed the product's warnings. So no reasonable jury could find an unspecified defect in the hair relaxer.[2]

## III

Finally, Chandler claims L'Oréal breached its implied warranty of merchantability. But as she aptly notes, this claim rises and falls with her allegations of product defect. *See, e.g.*, *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105

---

[2] Chandler's brief also references design defect. That claim fails for the same reason the manufacturing defect claim does. *See Barnish*, 980 A.2d at 542 & n.5.

(3d Cir. 1992). Having explained why the product was not defective, we summarily reject Chandler's warranty claim.

*       *       *

For the reasons stated, we will affirm the District Court's summary judgment for L'Oréal and its subsidiary Soft Sheen-Carson.